IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CAMPUS EYE MANAGEMENT, LLC, | § § | No. 93, 2024 |
| | § | |
| Defendant Below, Appellant, | § § | Court Below: Court of Chancery of the State of Delaware |
| | § | |
| v. | § | C.A. No. 2023-0671 |
| | § | |
| E. BRUCE DIDONATO, | § | |
| | § | |
| Plaintiff Below, Appellee. | § § | |

Submitted: April 2, 2024
Decided: April 12, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)    In this action under 6 *Del. C.* § 18-110 concerning management of a limited liability company, the Court of Chancery awarded summary judgment in favor of the appellee, E. Bruce DiDonato, holding that DiDonato is the manager of Campus Eye Management, LLC (the "MSO"). The court also held the MSO in contempt for violating a status quo order and ordered that DiDonato was entitled to recover the reasonable attorneys' fees and expenses that he incurred in bringing the contempt motion. The court directed the parties to "confer on a schedule for

submissions to resolve the fees and expenses DiDonato may recover as a sanction for the MSO's contempt."[1]

(2)     The MSO appealed.  The Senior Court Clerk issued a notice directing the MSO to show cause why the appeal should not be dismissed for failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order.  In response to the notice to show cause, the MSO argues that the Court of Chancery's decision is final and appealable because the issue of fees is a collateral matter and DiDonato has not timely filed a fee application.

(3)     Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[2]  "An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction."[3] The Court of Chancery directed the parties to take further action in the case, and the amount of attorneys' fees for which the MSO is responsible remains unresolved. The appeal is therefore interlocutory and must be dismissed.[4]

---

[1] *DiDonato v. Campus Eye Mgmt., LLC*, 2024 WL 368112, at \*11 (Del. Ch. Jan. 31, 2024).
[2] *Salzberg v. Sciabacucchi*, 2019 WL 549039, at \*1 (Del. Feb. 12, 2019); *see also id.* (stating that it was for the Court of Chancery to decide in the first instance whether a motion for fees was timely filed).
[3] *Wollner v. PearPop, Inc.*, 2022 WL 2903103, at \*1 (Del. July 21, 2022); *see also Gaffin v. Teledyne, Inc.*, 1991 WL 181488, at \*1 (Del. Aug. 23, 1991) ("An order is final and ripe for appeal when the trial court has clearly declared its intention that the order be the court's final act in a case." (internal quotations omitted)).
[4] *See, e.g.*, *Wollner*, 2022 WL 2903103 (dismissing appeal as interlocutory where the amount of a fee award remained unresolved.

2

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED.


BY THE COURT:

*/s/ Gary F. Traynor*
Justice